No. 20-01643

_____

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

WASHINGTON COUNTY BOARD OF EDUCATION,
Plaintiff-Appellant

v.

MALLINCKRODT ARD INC., MALLINCKRODT PLC, EXPRESS SCRIPTS HOLDING
CO., EXPRESS SCRIPTS, INC., CURASCRIPT, INC., PRIORITY HEALTHCARE
CORP., PRIORITY HEALTHCARE DISTRIBUTION, INC., ACCREDO HEALTH
GROUP, INC., UNITED BIOSOURCE CORPORATION,
Defendants-Appellees,

_____

Appeal from the United States District Court for the District of Maryland,
Case No. 1:19-cv-01854-JKB, Judge James K. Bredar

_____

**DEFENDANTS-APPELLEES' MOTION TO DISMISS APPEAL OR
ALTERNATIVELY FOR SUMMARY AFFIRMANCE**

_____

| | |
|---|---|
| ARNOLD & PORTER KAYE SCHOLER LLP | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| Matthew M. Wolf | Michael J. Lyle |
| Laura S. Shores | Eric C. Lyttle |
| Sonia K. Pfaffenroth | Derek L. Shaffer |
| R. Stanton Jones | Jonathan G. Cooper |
| Andrew T. Tutt | 1300 I Street NW, Suite 900 |
| 601 Massachusetts Ave. NW | Washington, DC 20005 |
| Washington, DC 20001 | 202-538-8000 |
| matthew.wolf@arnoldporter.com | mikelyle@quinnemanuel.com |
| laura.shores@arnoldporter.com | ericlyttle@quinnemanuel.com |
| sonia.pfaffenroth@arnoldporter.com | derekshaffer@quinnemanuel.com |
| stanton.jones@arnoldporter.com | jonathancooper@quinnemanuel.com |
| andrew.tutt@arnoldporter.com | |
| | *Attorneys for Defendants-Appellees* |
| *Attorneys for Defendants-Appellees* | *Express Scripts Holding Co.,* |
| *Mallinckrodt ARD Inc. and* | *Express Scripts, Inc., CuraScript,* |
| *Mallinckrodt plc* | *Inc., Priority Healthcare Corp.,* |
| | *Priority Healthcare Distribution,* |
| | *Inc., Accredo Health Group, Inc.,* |
| June 25, 2020 | *United BioSource Corporation* |

# TABLE OF CONTENTS

**Page**

Introduction..............................................................................1

Factual Background ................................................................2

Argument..................................................................................4

I.    No Live Case Or Controversy Exists Because This Court Lacks Appellate Jurisdiction To Review The District Court's Dismissal With Prejudice Of WCBOE's Claims...............................................................................4

II.   The Court's Order Granting Defendants-Appellees' Motion To Strike Is Not An Appealable Final Judgment.....................................................................9

III.  In The Alternative, The Court Should Summarily Affirm ...............................................................13

Conclusion ...........................................................................16

# TABLE OF AUTHORITIES

Page

## Cases

*In re Bath & Kitchen Fixtures Antitrust Litig.*,
    535 F.3d 161 (3d Cir. 2008) ................................................... 14, 15

*Bluefeld v. Cohen*,
    678 F. App'x 100 (4th Cir. 2017) ................................................. 10

*Bowles v. Russell*,
    551 U.S. 205 (2007) ........................................................................ 6

*Burnley v. City of San Antonio*,
    470 F.3d 189 (5th Cir. 2006) ......................................................... 6

*Carter v. Norfolk Cmty. Hosp. Ass'n*,
    761 F.2d 970 (4th Cir. 1985) ......................................................... 3

*Dig. Equip. Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994) ..................................................................... 10

*Griggs v. Provident Consumer Disc. Co.*,
    459 U.S. 56 (1982) .......................................................................... 6

*Hall v. Hall*,
    138 S. Ct. 1118 (2018) ................................................................... 9

*Hinton v. Lanham Ford Motor Co.*,
    312 F. App'x 572 (4th Cir. 2009) ................................................. 6

*Ibeto Petrochemical Indus. Ltd. v. M/T Beffen*,
    475 F.3d 56 (2d Cir. 2007) ........................................................... 10

*Jackson v. Lightsey*,
    775 F.3d 170 (4th Cir. 2014) ......................................................... 7

*Jasmin v. Nelnet/Intuition/BGI Servs. Dep't of Educ.*,
    367 F. App'x 465 (4th Cir. 2010) ................................................. 8

*Johnson v. Affiliated Comput. Servs., Inc.*,
   500 F. App'x 265 (5th Cir. 2012) ..................................................14

*Lewis v. Cont'l Bank Corp.*,
   494 U.S. 472 (1990) .........................................................................4

*Littman v. Bache & Co.*,
   246 F.2d 490 (2d Cir. 1957) ...........................................................11

*Lomax v. Ortiz-Marquez*,
   140 S. Ct. 1721 (2020) .................................................................3, 12

*Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co.*,
   768 F.3d 1320 (11th Cir. 2014) .....................................................11

*McLean v. United States*,
   566 F.3d 391 (4th Cir. 2009) ............................................................3

*McLish v. Roff*,
   141 U.S. 661 (1891) .......................................................................12

*Microsoft Corp. v. Baker*,
   137 S. Ct. 1702 (2017) ...................................................................12

*Newton v. Consol. Gas Co. of New York*,
   265 U.S. 78 (1924) .........................................................................10

*Norfolk S. Ry. Co. v. City of Alexandria*,
   608 F.3d 150 (4th Cir. 2010) ............................................................5

*Payton v. Booker*,
   808 F.2d 835 (4th Cir. 1986) ..........................................................15

*Pender v. Bank of Am. Corp.*,
   788 F.3d 354 (4th Cir. 2015) ............................................................5

*Powell v. Georgia-Pac. Corp.*,
   90 F.3d 283 (8th Cir. 1996) ............................................................10

*Ray Haluch Gravel Co. v. Cent. Pension Fund of Operating Eng'rs and
   Participating Emp'rs*,
   571 U.S. 177 (2014) .........................................................................9

iii

*Ritzen Group, Inc. v. Jackson Masonry, LLC*,
  140 S. Ct. 582 (2020) ..........................................................................9

*Rose v. Berryhill*,
  694 F. App'x 190 (4th Cir. 2017) ......................................................4

*Thomas v. Blue Cross & Blue Shield Ass'n*,
  594 F.3d 823 (11th Cir. 2010) ..........................................................11

*Villegas v. Princeton Farms, Inc.*,
  893 F.2d 919 (7th Cir. 1990) ............................................................14

*Williams v. Ozmint*,
  716 F.3d 801 (4th Cir. 2013) ..............................................................5

*Wilson-Cook Med., Inc. v. Wilson*,
  942 F.2d 247 (4th Cir. 1991) ............................................................14

### Statutory Authorities

28 U.S.C. § 1291 ................................................................... passim

28 U.S.C. § 2107(a) ....................................................................6

### Rules and Regulations

Fed. R. App. 3(c)(B) ...................................................................7

Fed. R. App. P. 4(a)..........................................................6, 7, 12

Fed. R. App. P. 27.........................................................................1

Fed. R. App. P. 38 ..................................................................15, 16

Fed. R. Civ. P. 12(b)(6) ..........................................................2, 3, 12

Fed. R. Civ. P. 41(a)(1)(A)(i) ....................................................3, 7

Fed. R. Civ. P. 41(b)...............................................................3, 12

Fed. R. Civ. P. 59.........................................................................7

Local Rule 27(f).............................................................................1

iv

## __Other Authorities__

9 Fed. Prac. & Proc. § 3916 (3d ed.) ..................................................10, 11

15B Fed. Prac. & Proc. § 3916 (2d ed.)...............................................8, 10

## INTRODUCTION

Defendants-Appellees Mallinckrodt[1] and the Express Scripts Entities[2] respectfully move under Federal Rule of Appellate Procedure 27 and Local Rule 27(f) to dismiss Appellant Washington County Board of Education's ("**WCBOE**") appeal of the district court's order striking WCBOE's notice of voluntary dismissal—a notice WCBOE filed ***after*** the district court had already dismissed its case. In the alternative, Defendants-Appellees request summary affirmance because the district court's order striking the legally inoperative notice was clearly and indisputably correct.

The district court entered a final order dismissing WCBOE's complaint with prejudice and closing the case on January 3, 2020. WCBOE did not appeal that dismissal, and the deadline for WCBOE to do so elapsed almost five months ago, on February 3, 2020. Instead,

---

[1]   "**Mallinckrodt**" refers to defendants-appellees Mallinckrodt ARD Inc. and Mallinckrodt plc.

[2]   The "**Express Scripts Entities**" refers to defendants-appellees Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc., Priority Healthcare Corp., Priority Healthcare Distribution, Inc., Accredo Health Group, Inc., and United BioSource Corporation. Collectively, Mallinckrodt and the Express Scripts Entities are referred to as Defendants-Appellees.

after the district court had (absent WCBOE's volition) dismissed the case with prejudice and closed it, WCBOE filed a purported notice of "voluntary" dismissal without prejudice. The district court struck that notice, and WCBOE now appeals from the order striking that notice. Because the district court's earlier involuntary dismissal of WCBOE's amended complaint is final and any appeal of it would be time barred, and because an order striking an improper notice of voluntary dismissal is not appealable under 28 U.S.C. § 1291, the instant appeal cannot afford WCBOE any relief. The Court should dismiss this appeal for lack of appellate jurisdiction, or summarily affirm the order below, before the appeal unduly saps further party and judicial resources.

## FACTUAL BACKGROUND

On January 3, 2020, the district court entered an order granting Defendants-Appellees' motions to dismiss WCBOE's amended complaint under Rule 12(b)(6) and closing the case. Ex. A (Mem. Op. Granting Mots. to Dismiss, D. Md. ECF No. 96); Ex. B (Order Granting Mots. to Dismiss, D. Md. ECF No. 97). The dismissal was with prejudice. Ex. C (Mem. Op. Granting Mot. to Strike, D. Md. ECF No. 106) at 3 ("[W]hen

the Court dismissed [WBBOE]'s claims under Rule 12(b)(6), it did so with prejudice.").[3]  WCBOE did not appeal that dismissal.

Instead, three and a half weeks after the district court dismissed the case with prejudice, WCBOE filed a notice of "voluntary" dismissal without prejudice, citing Federal Rule of Civil Procedure 41(a)(1)(A)(i); in other words, WCBOE purported to dismiss "voluntarily" and *without* prejudice an action that the district court had *already* dismissed *with* prejudice and closed.  Ex. D (Notice of Voluntary Dismissal, D. Md. ECF No. 98).  Defendants-Appellees moved to strike WCBOE's purported notice of voluntary dismissal as a nullity, Ex. E (Motion to Strike, D. Md. ECF No. 99); Ex. F (Reply ISO Mot. to Strike, D. Md. ECF No. 103), and (after full briefing) the district court granted that motion to strike on May 15, 2020.  Ex. C (Mem. Op. Granting Mot. to Strike, D. Md. ECF No. 106); Ex. G (Order Granting Mot. to Strike, D. Md. ECF No. 107).

---

[3]  The dismissal order did not expressly state whether it was with or without prejudice, so, by rule, it "operates as an adjudication on the merits" and is with prejudice.  Fed. R. Civ. P. 41(b); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020); *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985).

On June 8, 2020, WCBOE noticed its instant appeal.  Ex. H
(Notice of Appeal, D. Md. ECF No. 108).  The notice of appeal is
expressly limited to "the Order Striking Plaintiff's Voluntary Dismissal
entered in this case on May 15, 2020," *id.*, even though the docketing
statement filed with this Court purportedly adds as issues on appeal
whether the district court erred in its January 3, 2020 order by granting
Defendants-Appellees' motions to dismiss with prejudice without leave
to amend, and whether the district court erred in the same order by
denying WCBOE's motion to remand.  ECF No. 17, at 3.

**ARGUMENT**

I.     **NO LIVE CASE OR CONTROVERSY EXISTS BECAUSE
       THIS COURT LACKS APPELLATE JURISDICTION TO
       REVIEW THE DISTRICT COURT'S DISMISSAL WITH
       PREJUDICE OF WCBOE'S CLAIMS**

"Article III denies federal courts the power to decide questions
that cannot affect the rights of litigants in the case before them, and
confines them to resolving real and substantial controversies admitting
of specific relief through a decree of a conclusive character."  *Lewis v.
Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "'If a live case or
controversy ceases to exist after a suit has been filed, the case will be
deemed moot and dismissed for lack of standing,'" *Rose v. Berryhill*, 694

4

F. App'x 190, 190 (4th Cir. 2017) (alteration in original) (quoting *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 368 (4th Cir. 2015)), and "[t]he case or controversy requirement applies to all stages of a federal case," *id.* (quoting *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013)). "A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Williams*, 716 F.3d at 809. "In other words, a case is moot when 'our resolution of an issue could not possibly have any practical effect on the outcome of the matter.'" *Catawba Riverkeeper Found.*, 843 F.3d at 588 (quoting *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)).

The district court's order striking WCBOE's purported notice of voluntary dismissal without prejudice is not part of any "live case or controversy." WCBOE has no cognizable legal interest in pursuing its challenge to the district court's order striking its post-judgment notice of voluntary dismissal because the district court's earlier order dismissing the case involuntarily with prejudice is final and unappealable. This appeal from the district court's subsequent order striking WCBOE's inoperative notice of "voluntary" dismissal without

prejudice therefore cannot possibly alter the outcome of this lawsuit or otherwise "affect the rights" of WCBOE.

Moreover, WCBOE cannot use this appeal to challenge the only order in the case that did affect its rights, namely, the district court's order involuntarily dismissing the case. The district court dismissed WCBOE's amended complaint on January 3—almost six months ago—and ordered the clerk to close the case. Ex. B (Order Granting Mots. to Dismiss, D. Md. ECF No. 97); *see also* Ex. A (Mem. Op. Granting Mots. to Dismiss, D. Md. ECF No. 96). WCBOE had 30 days to appeal that dismissal (and the denial of WCBOE's motion to remand in the same order), 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), but elected not to do so. That time limit is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982)). Accordingly, the district court's dismissal with prejudice of WCBOE's appeal became final and unappealable after February 3, 2020. *See Burnley v. City of San Antonio*, 470 F.3d 189, 197–200 (5th Cir. 2006); *see also Hinton v. Lanham Ford Motor Co.*, 312 F. App'x 572, 573 (4th Cir. 2009) (dismissing untimely appeal for lack of jurisdiction).

6

Neither WCBOE's notice of voluntary dismissal, nor Defendants-Appellees' motion to strike that notice, had any impact on the time allotted to file a notice of appeal regarding the January 3 dismissal (or the denial of the motion to remand). To be sure, certain types of motions—such as a motion to amend the judgment under Federal Rule of Civil Procedure 59—can alter the time to file an appeal of a dismissal order. *See* Fed. R. App. P. 4(a)(4)(A). But all such motions are expressly enumerated in Federal Rule of Appellate Procedure 4(a)(4)(A), which does *not* include a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) or a motion to strike such a notice among the motions that alter the 30-day jurisdictional deadline to appeal.

Tellingly, even WCBOE does not purport to appeal the district court's January 3 dismissal with prejudice. Ex. H (Notice of Appeal, D. Md. ECF No. 108) (appealing only the "Order Striking Plaintiff's Voluntary Dismissal"). A notice of appeal "must . . . designate the judgment, order, or part thereof being appealed." Fed. R. App. 3(c)(B). When a party names one order in a notice of appeal, this Court lacks appellate jurisdiction to consider appeals to other orders. *Jackson*

*v. Lightsey*, 775 F.3d 170, 176–77 (4th Cir. 2014). WCBOE's notice of appeal states that it is appealing only the order striking the notice of voluntary dismissal, not the order dismissing its case, thereby supplying yet another jurisdictional barrier to this Court entertaining an appeal to the dismissal order. Again, that dismissal with prejudice is final and no longer subject to appeal or appellate review.

Because the time to appeal the district court's dismissal of this case with prejudice has run, this Court has no jurisdiction to entertain any challenge to that dismissal or to vary its effects. *See Jasmin v. Nelnet/Intuition/BGI Servs. Dep't of Educ.*, 367 F. App'x 465, 465 (4th Cir. 2010) (noting that the appeal period "is mandatory and jurisdictional" and consequently "dismiss[ing] the appeal for lack of jurisdiction because the notice of appeal was not timely filed"); 15B Fed. Prac. & Proc. ("Wright & Miller") § 3916 (2d ed.) ("[A]ppeal from a postjudgment order does not revive a lost opportunity to appeal the judgment . . . ."). Nothing in this appeal can undo the final judgment of dismissal, rendering this appeal moot.

## II.   THE COURT'S ORDER GRANTING DEFENDANTS-APPELLEES' MOTION TO STRIKE IS NOT AN APPEALABLE FINAL JUDGMENT

This Court also lacks jurisdiction because the appealed order striking WCBOE's purported notice of voluntary dismissal is not a "final" decision under 28 U.S.C. § 1291, and WCBOE has not identified any other basis for appellate jurisdiction. *See* ECF No. 17, at 1.

Under § 1291, "a party may appeal to a court of appeals as of right from 'final decisions of the district court.'" *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (quoting § 1291). "A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Hall v. Hall*, 138 S. Ct. 1118, 1123–24 (2018) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund of Operating Eng'rs and Participating Emp'rs*, 571 U.S. 177, 183 (2014)). By contrast, "[o]rdinarily orders that do not terminate the action by entry of judgment for plaintiff or defendant are not final." Wright & Miller § 3914.1. In particular, post-judgment orders that are merely ministerial or clarifying, and mere "housekeeping" orders that simply implement an earlier final judgment, do not alter the finality of the earlier final judgment and are not themselves appealable final

9

orders under § 1291. *See, e.g., Newton v. Consol. Gas Co. of New York*, 265 U.S. 78, 82 (1924) (Taft, C.J.); *Powell v. Georgia-Pac. Corp.*, 90 F.3d 283, 284 (8th Cir. 1996); Wright, Miller & Cooper, *supra*, § 3916 n.2.5.

Because an order striking an invalid, post-judgment "notice of voluntary dismissal" does not end the litigation on the merits, it is not a "final" decision appealable under § 1291. *See Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) (order vacating notice of voluntary dismissal not appealable under § 1291), *affirming* 993 F.2d 755 (10th Cir. 1993) (same); *see also* Wright & Miller § 2376 ("the vacating of a notice of dismissal" is not "ordinarily" appealable). Indeed, the instant order carries no greater or different legal consequence than an order denying a motion for voluntary dismissal, which likewise "is not appealable." Wright & Miller § 2376; *see, e.g.*, *Ibeto Petrochemical Indus. Ltd. v. M/T Beffen*, 475 F.3d 56, 61 (2d Cir. 2007) ("An order that is non-final and interlocutory, such as an order denying voluntary dismissal, is not appealable . . . ."); *see also Bluefeld v. Cohen*, 678 F. App'x 100 (4th Cir. 2017) (dismissing for lack of jurisdiction appeal of order granting motion to strike, which "is neither a final order not an appealable interlocutory or collateral order"). Only

10

in "unusual circumstances" have courts permitted an order vacating a notice of voluntary dismissal to be appealed, such as when a district court vacated a "notice of the dismissal filed by the plaintiff after the court had transferred the action to another district," *see* Wright & Miller § 2376 (citing *Littman v. Bache & Co.*, 246 F.2d 490 (2d Cir. 1957)), but no such unusual circumstances exist here.

The non-finality of the district court's order striking WCBOE's notice of voluntary dismissal is not altered by the fact that it—like WCBOE's notice—issued after the district court had already entered its final order dismissing the case on January 3. "Though postjudgment decisions necessarily follow a final judgment, such orders 'are themselves subject to the test of finality.'" *Mamma Mia's Trattoria, Inc. v. Original Brooklyn Water Bagel Co.*, 768 F.3d 1320, 1325 (11th Cir. 2014) (quoting *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010)). The district court's order striking WCBOE's notice of voluntary dismissal did not terminate the matter—nor could it terminate the matter considering that the district court had *already* terminated it, months earlier, in its January 3 dismissal. In sum, the

order striking the notice of voluntary dismissal is not "final" under § 1291.

Dismissal of this appeal is important to vindicate the finality principle embodied in § 1291. "'From the very foundation of our judicial system,' the general rule has been that 'the whole case and every matter in controversy in it [must be] decided in a single appeal.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017) (quoting *McLish v. Roff*, 141 U.S. 661, 665–66 (1891)).

The "single appeal" available to WCBOE was to appeal the district court's January 3 order dismissing the case with prejudice. The dismissal was *with prejudice*. *See* Ex. C (Mem. Op. Granting Mot. to Strike, D. Md. ECF No. 106) at 3 ("[W]hen the Court dismissed [WBBOE]'s claims under Rule 12(b)(6), it did so with prejudice."); *see also* Fed. R. Civ. P. 41(b); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020) ("When a court dismisses a case for failure to state a claim, but neglects to specify whether the order is with or without prejudice" that means it is "a dismissal with prejudice.")." And the time for WCBOE to appeal began running immediately upon issuance of the dismissal. *See* Fed. R. App. P. 4(a)(1)(A) ("[T]he notice of appeal . . .

must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."). Because WCBOE failed to appeal that dismissal or the simultaneous denial of the motion to remand within 30 days, it has lost the right to do so. WCBOE cannot circumvent the jurisdictional appeal deadline by the simple expedient of filing a frivolous and legally inoperative notice. Were a litigant allowed to circumvent the time limits for appealing final judgments by separately appealing an order striking a post-judgment notice of voluntary dismissal, then the jurisdictional deadline for appeals would become easily thwarted and extended simply by purporting to file motions for "voluntary dismissal" and the like in the wake of a district court's final, conclusive dismissal. This Court should reject Appellant's bid and enforce finality by dismissing this appeal.

## III.  IN THE ALTERNATIVE, THE COURT SHOULD SUMMARILY AFFIRM

In the alternative, the Court should summarily affirm. Summary affirmance is appropriate in cases where "the issues raised on appeal are in fact manifestly unsubstantial and appropriate for disposition by motion." L.R. 27(f)(1). That is true here. Settled law makes clear that the district court did not err on the merits in striking the notice of

voluntary dismissal. Under this Court's controlling precedent, "[o]nce a

court has dismissed a claim with prejudice, a party cannot, of course,

voluntarily dismiss that same claim, without prejudice." *Wilson-Cook*

*Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991); *see also, e.g.*,

*Johnson v. Affiliated Comput. Servs., Inc.*, 500 F. App'x 265, 267 (5th

Cir. 2012) ("Johnson's attempted Rule 41 notice of voluntary dismissal,

which he filed after the court's dismissal with prejudice, was a

nullity."); *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161,

167 (3d Cir. 2008) ("The timeliness of the Notice depends on whether

the 'action' to which the Rule refers remained pending when the Notice

was filed. . . . Here, the Notice was timely because . . . the District

Court's July 19, 2006, order had not clearly put an end to the 'action' to

which Rule 41 refers."); *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919,

924 (7th Cir. 1990) ("Rule 41(a)(2) is misused, however, when the

district judge has already rendered a final adjudication clearly resolving

the merits of the case and then allows the losing party to 'voluntarily

dismiss' that order in favor of a state tribunal. . . . Villegas is unable to

provide this Court with any reported case in which a district judge has

successfully followed the path taken in this case: deciding a case on the

merits and then vacating his decision in order to grant the losing party the opportunity to press the same case in state court."); *see also Payton v. Booker*, 808 F.2d 835 (4th Cir. 1986) (unpublished) ("Once the district court had resolved Payton's claims against him on the merits, dismissal of the claims without prejudice [via motion to withdraw claims without prejudice] was unwarranted.").

Notably, WCBOE has not identified any cases or arguments to support the notion that a notice of voluntary dismissal can be filed after a case has already been dismissed with prejudice and closed. To the contrary, in its arguments below, WCBOE actually cited cases that squarely contradict its position. *See In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d at 165, 167. As such, the Court should summarily affirm if it does not dismiss the appeal for lack of jurisdiction.[4]

---

[4] Given obvious jurisdictional and merits defects, this appeal stands out as frivolous. Accordingly, this Court should issue an order for Appellant to show cause why damages, attorneys' fees, and costs should not be awarded to Defendants-Appellees pursuant to Federal Rule of Appellate Procedure 38.

CONCLUSION

For the foregoing reasons, this Court should dismiss WCBOE's appeal for lack of appellate jurisdiction or summarily affirm on the merits, and award any such relief as it may deem appropriate under Federal Rule of Appellate Procedure 38.

Dated: June 25, 2020                Respectfully submitted,

                                    QUINN EMANUEL URQUHART
                                    & SULLIVAN, LLP

                                    */s/ Michael J. Lyle*
                                    Michael J. Lyle
                                    Eric C. Lyttle
                                    Derek L. Shaffer
                                    Jonathan G. Cooper
                                    1300 I Street NW, Suite 900
                                    Washington, DC 20005
                                    202-538-8000
                                    mikelyle@quinnemanuel.com
                                    ericlyttle@quinnemanuel.com
                                    derekshaffer@quinnemanuel.com
                                    jonathancooper@quinnemanuel.com

                                    *Attorneys for Defendants-Appellees
                                    Express Scripts Holding Co., Express
                                    Scripts, Inc., CuraScript, Inc.,
                                    Priority Healthcare Corp., Priority
                                    Healthcare Distribution, Inc., Accredo
                                    Health Group, Inc., and United
                                    BioSource Corporation*

ARNOLD & PORTER KAYE
SCHOLER LLP

*/s/ Laura Shores*
_____
Matthew M. Wolf
Laura S. Shores
Sonia K. Pfaffenroth
R. Stanton Jones
Andrew T. Tutt
601 Massachusetts Ave. NW
Washington, DC 20001
matthew.wolf@arnoldporter.com
laura.shores@arnoldporter.com
sonia.pfaffenroth@arnoldporter.com
stanton.jones@arnoldporter.com
andrew.tutt@arnoldporter.com

*Attorneys for Defendants-Appellees*
*Mallinckrodt ARD Inc. and*
*Mallinckrodt PLC*

17

### Fourth Circuit Rule 27(a) Statement

On June 24, 2020, counsel for Defendant-Appellees Express Scripts Entities and Mallinckrodt informed counsel for Plaintiff-Appellant Washington County Board of Education of the intended filing of this motion. Counsel for Plaintiff-Appellant has not responded.

## CERTIFICATE OF COMPLIANCE

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), this brief or other document contains 3,115 words.

This brief or other document complies with the typeface and type style requirements because this brief or other document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

### CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, the foregoing motion was served on all parties or their counsel of record through the CM/ECF system.

Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

*/s/Michael J. Lyle*

Michael J. Lyle
1300 I Street NW, Suite 900
Washington, DC 20005
202-538-8000
mikelyle@quinnemanuel.com